**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Mary Seguin

   v.                                            Civil No. 12-cv-614-JD

Haiganush R. Bedrosian, Chief Judge
of the Family Court of Rhode Island, et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is the motion for preliminary injunction (doc. no. 5) filed by plaintiff, Mary Seguin ("Seguin"). The defendants, the Chief Judge and Associate Judges of the Rhode Island Family Court, have objected to the motion (doc. no. 19). Sequin has supplemented her motion (doc. no. 13) and has replied to defendants' objection (doc. no. 20). This action was referred here after the judges of the United States District Court for the District of Rhode Island recused themselves. See Orders (doc. nos. 12 and 15). The court has designated the magistrate judge to review the motion for preliminary injunction and to file proposed findings and a recommendation as to its disposition. See Order (doc. no. 17).

---

[1] In addition to Chief Judge Bedrosian, the complaint names as defendants Rhode Island Family Court Associate Judges John E. McCann, III, Stephen J. Capineri, and Michael B. Forte.

Background

This case arises out of child custody proceedings in the Rhode Island Family Court ("Family Court") involving Seguin and her children, including proceedings instituted by Gero Meyersiek, the father of one of Seguin's daughters, naming Seguin as the respondent. See Meyersiek v. Seguin, No. K01-0521M (R.I. Fam. Ct., Kent Cnty.). Divorce and child custody proceedings between Seguin and her ex-husband, Marc Seguin have also been pending in the Family Court. See Seguin v. Seguin, No. K01-10503 (R.I. Fam. Ct., Kent Cnty.). Both of those proceedings are at issue in this case.

The Family Court in the Meyersiek proceeding granted Meyersiek temporary, sole custody of his daughter in an order granting a motion for emergency relief, issued by defendant Judge Forte on January 11, 2010. Thereafter, the Family Court issued a series of orders, in both proceedings, concerning custody, support, and visitation issues. Seguin asserts that the Family Court's orders were generally issued in her absence, without notice, without findings, and without a stenographic record prepared, and were intended to retaliate against Seguin for filing reports with federal authorities regarding misconduct in her Family Court proceedings. Seguin has been, at times,

represented by counsel in the Family Court proceedings, and counsel has filed objections to certain of the Family Court's orders on Seguin's behalf.

On June 22, 2010, in the child custody proceedings that followed the Seguins' divorce, Family Court Judge Capineri issued an order, which limited Seguin's visitation rights and right to communicate with her daughter, while granting Marc Seguin temporary sole custody and physical possession of their daughter.  Seguin, through counsel, filed a petition for a writ of certiorari in the Rhode Island Supreme Court challenging the June 22, 2010 order.  In the certiorari petition, Seguin asserted that the Family Court in the Meyersiek proceedings issued a similar order on January 11, 2010, in response to an emergency motion that Seguin's counsel characterized as an abuse of process.  The Rhode Island Supreme Court denied Seguin's petition for a writ of certiorari on September 9, 2010.  See Seguin v. Seguin, No. SU-2010-220-M.P. (R.I. Sept. 9, 2010) (Ex. G to Defs.' Mot. to Dismiss (doc. no. 24-21)).

After reading news reports about unrelated litigation filed in Rhode Island regarding truancy cases allegedly mishandled by the Rhode Island Family Courts, Seguin filed a report with the United States Justice Department regarding those truancy cases

represented by counsel in the Family Court proceedings, and counsel has filed objections to certain of the Family Court's orders on Seguin's behalf.

On June 22, 2010, in the child custody proceedings that followed the Seguins' divorce, Family Court Judge Capineri issued an order, which limited Seguin's visitation rights and right to communicate with her daughter, while granting Marc Seguin temporary sole custody and physical possession of their daughter.  Seguin, through counsel, filed a petition for a writ of certiorari in the Rhode Island Supreme Court challenging the June 22, 2010 order.  In the certiorari petition, Seguin asserted that the Family Court in the Meyersiek proceedings issued a similar order on January 11, 2010, in response to an emergency motion that Seguin's counsel characterized as an abuse of process.  The Rhode Island Supreme Court denied Seguin's petition for a writ of certiorari on September 9, 2010.  See Seguin v. Seguin, No. SU-2010-220-M.P. (R.I. Sept. 9, 2010) (Ex. G to Defs.' Mot. to Dismiss (doc. no. 24-21)).

After reading news reports about unrelated litigation filed in Rhode Island regarding truancy cases allegedly mishandled by the Rhode Island Family Courts, Seguin filed a report with the United States Justice Department regarding those truancy cases

in December 2010, and also provided federal authorities with information regarding her child custody proceedings. Then, on December 14, 2010, defendant Judge Capineri recused himself from the child custody proceedings involving Marc Seguin and from the Meyersiek proceedings.

After Judge Capineri recused himself, Chief Family Court Judge Bedrosian presided over the Meyersiek proceedings in the Family Court in Kent County. Chief Judge Bedrosian issued a series of restraining orders against Seguin, from January 7, 2011, through March 29, 2011, in a related Family Court proceeding in Providence County. See Meyersiek v. Seguin, No. P11-0026A (R.I. Fam. Ct., Providence Cnty.). On March 29, 2011, all of the Meyersiek proceedings were reassigned from Chief Judge Bedrosian to Judge McCann. Seguin asserts that the Chief Judge recused herself at that time because of the pending Justice Department investigation. Seguin believes that the Chief Judge, upon transferring the case, instructed Judge McCann to continue to issue retaliatory orders. The Meyersiek proceeding remains pending in the Kent County Family Court before Judge McCann.

Seguin's sixty-seven page federal complaint (not including exhibits) asserts: 1) the defendant Family Court judges issued a

4

series of orders interfering with Seguin's parental rights and right to travel, beginning in January 2010 through the present time, in violation of her First and Fourteenth Amendment rights, state law, and other authorities; 2) the defendant judges were biased when the orders were issued; 3) that the orders were retaliatory for misconduct reports she filed with the United States Justice Department; 4) that the Family Court proceedings were neither transcribed nor recorded, as required by state law; and 5) that the orders deprived her of fundamental rights, without due process of law.  Seguin cites 42 U.S.C. § 1983, federal criminal statutes, and state law as providing causes of action for her claims.  Seguin seeks injunctive and declaratory relief.

Seguin filed a complaint in the Rhode Island Superior Court ("Superior Court") asserting essentially the same claims as are asserted here, under 42 U.S.C. § 1983 and other authorities. See Seguin v. Bedrosian, No. 2012-0124 (R.I. Super. Ct., Providence Cnty.).  The Superior Court dismissed the complaint in August 2012, following a hearing, upon finding that: 1) the Superior Court lacked authority to review Family Court orders, 2) Seguin's claims asserting violations of federal criminal laws were not based on viable private causes of action, and (3) that

the Family Court judges were absolutely immune from the suit. See id. (Aug. 4, 2012) (order granting motion to dismiss). Judgment was entered on October 4, 2012, and Seguin has not appealed the dismissal of her Superior Court action to the Rhode Island Supreme Court. Instead, within a week of obtaining the adverse Superior Court decision, she filed the instant complaint in federal court.

Seguin's motion for a preliminary injunction (doc. no. 5), filed in this federal case, seeks a federal court order:

- prohibiting the defendant Family Court judges from presiding over the child custody proceedings;

- prohibiting defendants from conducting proceedings that are not transcribed or recorded, in accordance with state law;

- prohibiting defendants from retaliating against her;

- prohibiting defendants from enforcing prior orders issued in the child support proceedings;

- declaring void prior Family Court orders issued in the child support proceedings;

- prohibiting defendants from issuing orders exceeding their jurisdiction; and

- prohibiting defendants from issuing orders without notice to Seguin, without assessing the sufficiency of the petition or competing interests, without transcribing the proceedings, without finding facts or citing a legal basis for each ruling, and without applying heightened scrutiny to claims that affect her parental rights and right to travel.

6

Discussion

I. Preliminary Injunction Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). Demonstrating a likelihood of success on the merits is a prerequisite to obtaining preliminary injunctive relief. See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis).

II. Younger Abstention

The Younger abstention doctrine requires federal courts to abstain from exercising jurisdiction when the plaintiff in the federal case is seeking to enjoin ongoing state criminal proceedings. See generally Younger v. Harris, 401 U.S. 37, 43-44 (1971). Younger establishes "a court-made rule of abstention

7

built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation." Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 31 (1st Cir. 2004). The Younger abstention doctrine provides that federal courts must abstain when the requested relief would interfere with (1) an ongoing state proceeding which is judicial in nature, (2) that implicates important state interests, and (3) that would provide the federal plaintiff with an adequate opportunity to raise relevant federal constitutional questions. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40-41 (1st Cir. 2012). Younger abstention is not required in "exceptional circumstances," including "cases in which extreme bias completely renders a state adjudicator incompetent and inflicts irreparable harm upon the petitioner." Esso Standard Oil Co. v. López-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) ("López-Freytes").

    A. *Younger* Factors

Here, Seguin's claims for injunctive and declaratory relief satisfy the three criteria for mandatory abstention under Younger. As to the first factor, Seguin generally seeks to

8

enjoin pending Family Court proceedings involving the custody of her children, to declare orders issued in those proceedings void, to declare illegal and/or unconstitutional the procedures employed in those proceedings, and to enjoin the Family Court from enforcing its orders.  The relief Seguin seeks would interfere extensively with the ongoing judicial Family Court proceedings.

Second, the state unquestionably has a strong interest in the issues presented in this case, including child custody issues and the procedures employed in Family Court.  See Colassi v. Looper, No. 08-CV-115-JL, 2008 WL 2115160, *2-*3 (D.N.H. May 20, 2008) (state has strong interest in child custody issues, including orders affecting custodial parent's ability to relocate out of state (citing Moore v. Sims, 442 U.S. 415, 435 (1979), and Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir. 1986))); see also Shafizadeh v. Bowles, 476 F. App'x 71, 73 (6th Cir. 2012).

Third, Seguin has not shown that she lacks an adequate opportunity to litigate her federal claims in the state courts. This court cannot presume that Rhode Island law would be construed to preclude the state court judges from considering the type of federal constitutional issues asserted by Seguin

here, insofar as those issues arise in the context of child custody proceedings within the Family Court's subject matter jurisdiction. Cf. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (where litigant has not attempted to present federal claims in related state court proceedings, federal courts should assume that state procedures will afford adequate remedy).

In Rhode Island, the Family Court has the power and authority to adjudicate child custody proceedings. See R.I. Gen. Laws Ann. § 8-10-3. State law specifically authorizes Family Court judges to issue all orders and judgments as are necessary or proper to effect fully all of the powers and the jurisdiction conferred upon the Family Courts, see Kay v. Kay, 474 A.2d 86, 89 (R.I. 1984) (citing R.I. Gen. Laws Ann. § 8-10-38)), and therefore necessarily grants the Family Courts the power to issue orders resolving fundamental questions about the validity of its procedures and orders. Furthermore, the Rhode Island Supreme Court has general supervisory and appellate authority over inferior state courts, including the Family Courts. See generally R.I. Gen. Laws Ann. §§ 8-1-2 and 14-1-52. That court's jurisdiction thus indisputably covers Seguin's constitutional claims.

The fact that the Rhode Island Supreme Court denied Seguin's petition for a writ of certiorari as to an order issued in the divorce/child custody proceeding does not render the appellate process "inadequate" for the purposes of excepting this case from application of the Younger abstention doctrine. See Parent v. New York, No. 11-2474-CV, 2012 WL 2213658, at *2 (2d Cir. June 18, 2012) ("simply because the state courts have not issued decisions in [plaintiff's] favor does not render them 'inadequate' for purposes of Younger abstention" (citing Hansel v. Town Ct., 56 F.3d 391, 394 (2d Cir. 1995) ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes.")), petition for cert. filed, 81 U.S.L.W. 3175 (U.S. Sept. 17, 2012) (No. 12-350)).

By the same token, Seguin's lack of success in seeking Superior Court review of Family Court orders is not proof that the state courts failed to provide her with an adequate forum for raising her federal constitutional issues. Seguin chose not to appeal the Superior Court order dismissing her case, in part, on jurisdictional grounds. Nothing in the Superior Court's decision precludes the Family Court, in the first instance, from

reviewing or reconsidering its own procedures and orders in light of Seguin's constitutional claims, and nothing in the Superior Court decision affects Seguin's ability to appeal constitutional issues to the Rhode Island Supreme Court. Seguin has not demonstrated that Rhode Island law bars her from raising her claims in the Family Court proceedings or in the Rhode Island Supreme Court. Therefore, the third Younger factor is satisfied in this case.

   B.   *Younger* Exceptions

Finally, Seguin has not shown that her case presents any extraordinary circumstances, involving, for example, extreme bias and immediate irreparable harm, which would allow this court to interfere with ongoing Family Court proceedings. See López-Freytes, 522 F.3d at 143. The allegations of biased judges and invalid procedures asserted by Seguin do not distinguish this case from others where abstention under Younger was deemed mandatory. See, e.g., Shafizadeh, 476 F. App'x at 73 (Younger barred federal court action seeking to enjoin pending divorce proceedings between private parties, where there were allegations of biased judge and invalid rules and procedures). The Family Court is part of the Rhode Island court system, established by state law, and that court is subject to the

appellate and supervisory jurisdiction of the Rhode Island Supreme Court. Seguin has not offered any evidence of the type of structural conflicts of interest or financial incentives linked to the outcome of the proceeding which would justify this court in finding that there is bias in the Family Court that would warrant this court's interference in pending state child custody proceedings.[2] Further, Seguin has not sought the recusal of the judge presently assigned to the child custody proceedings, rendering inapposite the bias exception of the Younger doctrine. See Brooks v. N.H. Sup. Ct., 80 F.3d 633, 640 (1st Cir. 1996).

Moreover, Seguin's assertion of irreparable harm -- based on the Family Court orders allegedly affecting her due process rights, parental rights, and right to travel -- falls short of

---

[2]Seguin alleges that the "illegal retention of [Family Court] jurisdiction" over her children "is calculated to provide sources of federal funding to the local state family court system through Title IV of the Social Security Act." Federal funding for state child welfare services, available through Title IV, can cover up to 75% of the costs incurred by the states in administering certain child welfare services. See 42 U.S.C. § 624. Here, however, the child custody dispute is between private parties, state law vests jurisdiction over such disputes in Family Court, and federal law precludes the state from seeking full reimbursement for the costs it incurs. Thus, there exists no basis to find that the Family Court would manipulate Seguin's Family Court proceedings to obtain federal funds on behalf of the state. Cf. Esso Standard Oil Co. v. Cotto, 389 F.3d 212, 219 (1st Cir. 2004).

the level necessary to warrant interference with state child custody proceedings. Here, Seguin has not shown that further review of her federal constitutional claims in the Family Court proceedings or in a petition to the Rhode Island Supreme Court, seeking to invoke that court's appellate or supervisory jurisdiction, would be insufficient to alleviate any injury to her rights, without this court's intervention.

For the foregoing reasons, the court should find that all three Younger factors are present in the instant case, and that no exception to Younger applies. Based on such findings, abstention would be required, and the motion for preliminary injunctive relief (doc. no. 5) should be denied. See Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 25 (1st Cir. 2009) ("If Younger requires abstention, 'there is no discretion to grant injunctive relief.'" (citation omitted)), cert. denied, 130 S. Ct. 1059 (2010).

## Conclusion

For the foregoing reasons, the court should deny the motion for preliminary injunction (doc. no. 5). Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to

appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 24, 2012

cc:  Mary Seguin, pro se
     Rebecca Tedford Partington, Esq.
     Susan Urso, Esq.

LBM:nmd