UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

<u>Mary Seguin</u>

    v.                            Civil No. 12-cv-614-JD

<u>Haiganush R. Bedrosian,
Chief Judge of the Family
Court of Rhode Island, et. al.</u>

<u>O R D E R</u>

Mary Seguin, proceeding pro se, brought suit against Rhode Island Family Court judges and Rhode Island state officials, alleging federal and state claims that arose from state custody proceedings involving Seguin. The court approved the magistrate judge's report and recommendation to deny Seguin's motion for a preliminary injunction, denied Seguin's motions to vacate the reference to the magistrate judge, granted the defendants' motion to dismiss, and terminated all other pending motions as moot. Seguin now moves for my recusal. The defendants did not file a response to Seguin's motion.

The background information pertinent to this case is included in the order issued on December 12, 2012, which is document no. 95.

Discussion

Seguin moves, pursuant to 28 U.S.C. § 455, for my recusal from this case.  In support, Seguin states that she seeks recusal, based on the order issued on December 12, 2012,

> for the appearance of condoning ex-parte petition removal of fundamental parental rights that states "the grandmother does not speak English," which the Judge states is meaningless and inconsequential to the outcome of parental termination without notice, a hearing or any transcribed recording (a secret tribunal) which resulted in the termination of all parental rights for the past three years since January, 2010.

Doc. No. 98 at 1.  Seguin asserts that the December 12 order shows racial bias against her.

A federal judge is required to recuse himself from a case "'in which his impartiality might reasonably be questioned.'" United States v. Pulido, 566 F.3d 52, 62 (1st Cir. 2009) (quoting 28 U.S.C. § 455(a)).  The court's consideration of a recusal issue includes a determination of whether the circumstances in the particular case would support an objective appearance of partiality as well as actual bias.  Id.  "[J]udges should not recuse themselves lightly," and in the absence of a reasonable question of bias, judges have a duty to sit.  United States v. Cruzado-Laureano, 527 F.3d 231, 239 (1st Cir. 2008) (internal quotation marks and citation omitted).

Seguin's complaints do not meet the standard for recusal. In support of her motion, Seguin misrepresents the analysis in the December 12 order. There, the court concluded that Seguin's charges of bias against the magistrate judge did not support her motion to vacate the reference to the magistrate judge. The court also concluded that Seguin's unfounded assumptions of bias by state court judges were not sufficient to establish an exception to the Younger doctrine.

Seguin has not provided any factual or legal basis for my recusal.

## Conclusion

For the foregoing reasons, the plaintiff's motion for recusal (document no. 98) is denied.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

January 9, 2013

cc:  Kevin F. McHugh, Esquire
     Rebecca Tedford Partington, Esquire
     Mary Seguin, pro se
     Susan E. Urso, Esquire