```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF RHODE ISLAND
```

Mary Seguin

    v.                                    Civil No. 12-cv-614-JD

Haiganush R. Bedrosian,
Chief Judge of the Family Court
of Rhode Island, et al.

## O R D E R

Mary Seguin, proceeding pro se, brought suit against Rhode Island Family Court judges and Rhode Island state officials, alleging federal and state claims that arose from state custody proceedings involving Seguin. The court approved the magistrate judge's report and recommendation to deny Seguin's motion for a preliminary injunction, denied Seguin's motions to vacate the reference to the magistrate judge, granted the defendants' motion to dismiss, and terminated all other pending motions as moot. Seguin now moves for reconsideration under Federal Rule of Civil Procedure 59(e), for leave to file an amended complaint, and for a preliminary injunction.

The background information pertinent to this case is included in the court's prior order issued on December 12, 2012, which is (document no. 95).

Discussion

Seguin moves for reconsideration of the dismissal of her claims, arguing that the court misapprehended the facts, her position in this case, and the controlling law.  She seeks leave to file another amended complaint and moves again for a preliminary injunction.  The defendants object.  Seguin filed a reply.[1]

I.  Motion for Reconsideration[2]

In support of her motion for reconsideration, Seguin argues that she was denied due process because the court did not allow her to file an opposition to the motion to dismiss, that the court should not have denied her motion for a preliminary injunction because the motion was moot, that the court erred in failing to find state court bias based on her charge that decisions were made because "the grandmother does not speak English," that the court used the wrong standard for Younger

---

[1] The reply is titled: "Plaintiff's Second Supplemental Memorandum in Suport [sic] of Plaintiff's Motion to Amend judgment, To File and Amended Complaint, and for a Preliminary Injunction, and Response in Opposition to Defendants' Objection to Plaintiff's Rule 59e [sic] Motion to Amend Judgment."

[2] Due to the plethora of filings that have been made, the court has included docket document numbers to assist readers through the labyrinthine traverse of this case.

abstention, that <u>Younger</u> is clearly an erroneous doctrine, and that the court misapprehended her claims. In her reply, Seguin argues that her claims cannot be dismissed because she has a right under the Seventh Amendment to a jury trial. She also argues that the standard used to decide motions under Federal Rule of Civil Procedure 12(b)(6) is unconstitutional.

A. <u>Approval of Report and Recommendation and Denial of Motion to Vacate Reference</u>

Seguin's motion for a preliminary injunction (document no. 5) was referred (document no. 17) to the magistrate judge on September 20, 2012. On October 24, 2012, the magistrate judge issued a report and recommendation (document no. 27), recommending that Seguin's motion for a preliminary injunction (document no. 5) be denied on grounds of <u>Younger</u> abstention. Seguin then filed an amended complaint, "Plaintiff's Amended Complaint for Preliminary and Permanent Injunction and Jury Demand," (document no. 28) on October 26, 2012. On November 5, 2012, Seguin filed an objection to the report and recommendation (document no. 35).

In support of her motion for reconsideration, Seguin argues in part that the court erred in approving the magistrate judge's report and recommendation because her motion for a preliminary

3

injunction (document no. 5) became moot when she filed an amended complaint (document no. 28) on October 26. Seguin did not object to the report and recommendation on the ground that her motion was moot or seek leave to withdraw her motion for a preliminary injunction (document no. 5). Therefore, the issue of mootness is not an appropriate basis for reconsideration. To the extent Seguin challenges the legal basis for the court's approval of the report and recommendation and denial of her motion to vacate the reference to the magistrate judge, her interpretation of the law is incorrect.

B.  Response to Defendants' Motion to Dismiss

Seguin raises a valid concern about her opposition to the defendants' motion to dismiss. Seguin filed her original complaint (document no. 1), "Complaint," on August 31, 2012. As is discussed above, Seguin filed a motion for a preliminary injunction (document no. 5) on September 11, 2012, which was referred to the magistrate judge who issued a report and recommendation (document no. 27) on October 24.

The defendants moved to dismiss (document no. 24) Seguin's original complaint (document no. 1) on October 15, 2012. On October 26, Seguin filed an amended complaint, "Plaintiff's Amended Complaint for Preliminary and Permanent Injunction and

4

Jury Demand" (document no. 28).  Seguin filed an objection (document no. 30) to the defendants' motion to dismiss (document no. 24) her original complaint (document no. 1) on November 1.

In response to Seguin's amended complaint (document no. 28), on November 2, 2012, the defendants moved to withdraw (document no. 32) their first motion to dismiss (document no. 24) and moved to strike (document no. 33) Seguin's objection (document no. 30) to their first motion to dismiss (document no. 24).  On November 6, Seguin filed a response (document no. 37) to the defendants' motion to strike (document no. 33) her objection to the motion to dismiss.

Also on November 6, Seguin filed a second amended complaint, "Plaintiff's Second Amended Complaint for Preliminary and Permanent Injunction and Jury Demand" (document no. 39).  The defendants moved to strike (document no. 40) the second amended complaint (document no. 39) on November 8.  Seguin filed another motion for a preliminary injunction (document no. 42) on November 9.  On November 14, Seguin filed a motion to amend (document no. 45) the amended complaint (document no. 28) and a third amended complaint, "Plaintiff's Second Amended Complaint for Preliminary and Permanent Injunction and Jury Demand" (document no. 47).  Seguin moved for a temporary restraining order (document no. 52) on November 19.

On November 20, the defendants moved (document no. 58) to strike the third amended complaint (document no. 47) and moved to expedite consideration (document no. 59) of their motion to strike. Seguin moved, again, to vacate the reference of her motion for a preliminary injunction to the magistrate judge (document no. 60) and moved for sanctions against the defendants (document no. 61).

On November 21, 2012, the defendants filed a motion to dismiss (document no. 62) the amended complaint (document no. 28). On November 26, Seguin filed a fourth amended complaint, "Plaintiff's Second Amended Complaint for Preliminary and Permanent Injunction and Jury Demand" (document no. 74). On the same day, Seguin filed a motion for an extension of time (document no. 68) to respond to the motion to dismiss and a motion to strike (document no. 69) the defendants' motion to strike her third amended complaint. The defendants filed a response (document no. 81) to Seguin's request for an extension of time in which they stated that they had no objection to a reasonable extension of time. The defendants also asked that Seguin be precluded from making additional filings while the motion to dismiss was pending. On December 10, the defendants moved to strike (document no. 90) the fourth amended complaint (document no. 74).

On December 12, 2012, the court determined that the operative complaint was the amended complaint (document no. 28) filed on October 26, 2012.  The court granted the defendants' motion to dismiss (document no. 62) that complaint.  Seguin points out, however, that she had asked for an extension of time to respond to the defendants' motion which was not resolved before the order granting the motion to dismiss issued.  As a result, Seguin did not file a response to the defendants' motion to dismiss (document no. 62) the amended complaint (document no. 28), which, as previously, stated the court determined was the operative complaint.

Therefore, Seguin's motion for reconsideration is granted to the extent that she will be allowed to file a response to the defendants' motion to dismiss (document no. 62) the amended complaint (document no. 28), filed on November 21, 2012, as is provided below.

II.  <u>Motion to Amend</u>

As part of her motion for reconsideration, Seguin asks that she be given leave to file another amended complaint.  Seguin contends that the defendant state judges are no longer participating in the proceedings involving her so that she is now seeking only monetary damages against them rather than injunctive

relief. She also argues that she would bring claims for money damages against the Rhode Island Attorney General, the Rhode Island State Police, and the Providence Police on the grounds that they did nothing to investigate, prosecute, or prevent the conspiracy against her perpetrated by the judicial defendants.

Under Federal Rule of Civil Procedure 15(a)(2), the court will grant leave to amend "when justice so requires." The court may deny leave to amend, however, under appropriate circumstances, including that the amendment would be futile. Edlow v. RBW, LLC, 688 F.3d 26, 39 (1st Cir. 2012). A proposed amendment is futile if it fails to state a cognizable claim under the Rule 12(b)(6) standard. Id. Therefore, a motion to amend the complaint will be denied if as proposed the amended complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Sanchez v. United States, 671 F.3d 86, 107 (1st Cir. 2012).

Seguin's conclusory accusations that state judges engaged in a conspiracy and a RICO enterprise against her do not state a claim. She lacks a factual basis for her accusations, making them facially implausible.[3] Therefore, her motion to amend is denied.

---

[3] Seguin's arguments that the Rule 12(b)(6) standard is unconstitutional are meritless.

8

III.  Motion for Preliminary Injunction

Seguin's renewed request for a preliminary injunction is denied for the reasons provided in the report and recommendation that was approved in the December 12, 2012, order.

Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 97) is granted in part as follows: to the extent that the December 12, 2012, order (document no. 95) granted the defendants' motion to dismiss (document no. 62), that part of the order is vacated.

The motion for reconsideration (document no. 97) is otherwise denied (this denial includes the plaintiff's challenges to the magistrate judge reference, the approval of the magistrate judge's report and recommendation to deny the plaintiff's motion for a preliminary injunction, her request for leave to file another amended complaint, and her request for a preliminary injunction).

The plaintiff may file a response to the defendants' motion to dismiss (document no. 62) the amended complaint (document no. 28) **on or before January 25, 2013.**  No further extensions of time will be granted.  No further filings are to be made by any party pending the filing of the plaintiff's response.

The judgment entered on December 12, 2012, is vacated, pending the court's reconsideration of the defendants' motion to dismiss (document no. 62) after the plaintiff has filed her response to the motion.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

January 9, 2013

cc: Kevin F. McHugh, Esquire
    Rebecca Tedford Partington, Esquire
    Mary Seguin, pro se
    Susan E. Urso, Esquire