UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

<u>Mary Seguin</u>

    v.                               Civil No. 12-cv-614-JD

<u>Haiganush R. Bedrosian, et al.</u>

<u>O R D E R</u>

     Mary Seguin, proceeding pro se, brought suit against Rhode Island Family Court judges and Rhode Island officials, alleging federal and state claims that arose from state custody proceedings involving Seguin.  The court approved the magistrate judge's report and recommendation to deny Seguin's motion for a preliminary injunction, denied Seguin's motions to vacate the reference to the magistrate judge, granted the defendants' motion to dismiss, and terminated all other pending motions as moot.  In response to her motion for reconsideration, that part of the order granting the defendants' motion to dismiss was vacated, and Seguin was granted an opportunity to file a response to the motion to dismiss.  Seguin has now filed her response.[1]

---

[1] Seguin also filed a motion to amend her complaint, in violation of the order issued on January 9, 2013.

Standard of Review

The analysis of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) proceeds through three steps.  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernandez v. Foruno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).  First, the court must ignore any allegations in the complaint "that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz, 669 F.3d at 55.  Second, the properly pleaded facts must be taken as true, with all reasonable inferences drawn in favor of the plaintiff.  Id.  Third, the court considers the appropriate allegations and inferences and determines whether "they plausibly narrate a claim for relief."  Id.

Seguin's challenge that the standard of review under Rule 12(b)(6) is unconstitutional lacks merit.  The Supreme Court has determined the applicable standard.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 555 (2007).  Seguin's arguments are inapposite and unpersuasive.

Discussion

Seguin alleged that Rhode Island state court judges violated her constitutional rights, engaged in a RICO conspiracy, and violated the Rhode Island constitution and state law in making

2

certain rulings in Seguin's child custody proceedings. She sought an injunction against the Providence Chief of Police, Hugh T. Clements, Jr., and the Superintendent of the Rhode Island State Police, Steven G. O'Donnell, to preclude enforcement of domestic violence orders.[2] Seguin also alleged a claim for damages against the Rhode Island Attorney General, Peter F. Kilmartin. The defendants moved to dismiss Seguin's claims on the ground, inter alia, that the action must be dismissed based on the Younger abstention doctrine.[3] See Younger v. Harris, 401 U.S. 37 (1971).

In the December 12, 2012, order, the court analyzed the application of the Younger abstention doctrine in this case both in approving and adopting the magistrate judge's report and recommendation to deny Seguin's motion for a preliminary injunction and for purposes of the defendants' motion to dismiss. Seguin does not dispute the application of Younger abstention in

---

[2]The background information pertinent to this case is included in the court's prior order issued on December 12, 2012, which is document no. 95.

[3]As is noted in the December 12, 2012, order at footnote 11, although Clements did not join in the motion to dismiss because he had not then been served, application of the Younger doctrine supports sua sponte dismissal of the claims against Clements. See Agustin v. County of Alameda, 234 Fed. Appx. 521, 522 (9th Cir. 2007); Lewis v. N. Am. Specialty Ins. Co., 2009 WL 950451, at *3 (S.D. Ohio Apr. 1, 2009).

3

her response to the motion to dismiss. Instead, Seguin restates her arguments to support her motion for recusal, which was previously denied; argues that the Rule 12(b)(6) standard imposed by Iqbal, and related cases, is unconstitutional; and seeks to amend her complaint to state claims to avoid the application of Younger abstention.

A. Recusal

For the reasons stated in the order issued on January 9, 2013, denying Seguin's motion for recusal, Seguin has not raised any cognizable basis for my recusal.

B. Motion to Dismiss

Seguin does not dispute the application of the Younger abstention doctrine to her claims, brought in the operative complaint. Document 28, filed Oct. 26, 2012. Therefore, the analysis and application of Younger abstention for purposes of the motion to dismiss that is provided in the December 12, 2012, order is unaffected by Seguin's response and is ratified and confirmed after reviewing the response.

The defendants argue that Seguin's complaint requires Younger abstention. As discussed above, Younger abstention is "appropriate when the requested relief would interfere (1) with

4

an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal [claim]." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).

As with Seguin's motion for a preliminary injunction, which was the subject of the magistrate's report and recommendation, Seguin's amended complaint seeks to enjoin ongoing Family Court proceedings about the custody of her children, to declare orders issued in those proceedings void, to declare illegal and/or unconstitutional the procedures employed in those proceedings, and to enjoin the Family Court from enforcing its orders. The relief Seguin seeks would interfere extensively with the ongoing judicial Family Court proceedings. See Montgomery v. Montgomery, 764 F. Supp. 2d 328, 333 (D.N.H. 2011).

Considering the second factor, the state has a strong interest in the issues presented in the Family Court cases, including child custody issues and the procedures employed in Family Court. See Mann v. Conlin, 22 F.3d 100, 106 (6th Cir. 1994). Further, for the same reasons as discussed in consideration of Seguin's motion for a preliminary injunction, Seguin has not "demonstrate[d] that 'state procedural law barred [the] presentation of'" those claims. Murphy v. City of

Manchester, 70 F. Supp. 2d 62, 69 (D.N.H. 1999) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)).  Nor has Seguin adequately alleged that any exceptions to Younger abstention apply.

Accordingly, Younger abstention applies and, therefore, requires the dismissal of Seguin's claims as to the judicial defendants.  See Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass., 904 F.2d 772, 785 (1st Cir. 1990). Seguin's claims against Clements and O'Donnell apparently stem from their failure to prevent or intercede with the judicial defendants' allegedly unlawful behavior in the Family Court proceedings and Seguin seeks a prospective injunction to halt any future enforcement of orders entered in the Family Court proceedings.  Therefore, Seguin's claims against Clements and O'Donnell are similarly subject to Younger abstention.

Seguin appears to allege that Kilmartin violated various laws by seeking to dismiss her civil rights claim brought in state court and that Kilmartin conspired with judges in the state court proceedings to deprive her of her rights.  To the extent Seguin seeks declaratory or injunctive relief against Kilmartin to prevent him from participating in, or to direct his conduct in, state court proceedings that involve her, those claims are subject to Younger abstention.  In addition, Seguin sought

damages from Kilmartin, the only defendant sued in his individual capacity.  Even if the claims against Kilmartin were not subject to Younger abstention, they would still be dismissed because Seguin does not state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

In sum, Seguin's claims are dismissed under Younger abstention and because she has not stated a claim upon which relief may be granted.


C.  Motion to Amend

Seguin has filed yet another motion to amend her complaint. In the order issued on January 9, 2013, Seguin was granted an opportunity to respond to the defendants' motion to dismiss, but the parties were all ordered not to make any further filings. Seguin disregarded that order.

Even if the motion to amend were properly filed, it would not succeed.  As was the case with her last attempt to amend her complaint, Seguin falsely represents that she now seeks only money damages and that the complaint no longer implicates Younger abstention because of that change.  The proposed amended complaint appears to be very similar or identical to Seguin's

previous attempt to amend, which was denied.[4]  See document no. 97, filed on Dec. 17, 2012.  Contrary to her representation, Seguin continues to seek declaratory and injunctive relief that would interfere with state court proceedings and the effects of state court orders.  The proposed amended complaint is futile, and the motion to amend is denied.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 62) is granted.  The claims against Hugh T. Clements are also dismissed.  All claims are dismissed with prejudice.

The plaintiff's motion to amend (document no. 109) is denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

January 30, 2013

cc:  Kevin F. McHugh, Esquire
     Rebecca Tedford Partington, Esquire
     Susan E. Urso, Esquire
     Mary Seguin, pro se

---

[4]Seguin's repetitious and duplicative filings do not advance her cause.

8